**UNITED ENGINEERS AND CONSTRUCTORS, INC.**

v.

**RESEARCH–COTTRELL, INC.**

Civ. A. No. 83–2961.

United States District Court, E.D. Pennsylvania.

Oct. 26, 1983.

**28**

Thomas Taggart, Columbus, Ohio, Glenn Equi, Philadelphia, Pa., for plaintiff.

Thomas Ziomek, Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

The plaintiff has moved to dismiss this action or, alternatively, to transfer this case to the Northern District of West Virginia. The motion will be denied.

This action arises out of the collapse, on April 27, 1978, of scaffolding being used in the construction of a power station cooling tower at Willow Island, West Virginia. All 51 workers who were perched upon the scaffolding, which was suspended 170 feet above the ground, were killed in the fall. Shortly after the accident, various wrongful death actions were brought in the Circuit Court for Pleasants County, West Virginia. Named as defendants were the owners of the plant, various contractors, subcontractors, and suppliers to the construction project. These defendants eventually filed cross-claims and third-party claims against one another.

The parties in the present action were defendants in the West Virginia action. The plaintiff, United Engineers and Constructors, Inc. ("UEC"), is a Delaware corporation with its principal place of business in Pennsylvania. It was employed in 1973 by a consortium of power companies [1] to act as construction manager for the Willow Island Power Station. The defendant, Research-Cottrell, Inc. ("Research"), is a New Jersey corporation with its principal place of business in New Jersey. Research was awarded the job of constructing the two cooling towers at Willow Island.

Sometime after the wrongful death actions were filed, a settlement fund was created to satisfy the claims of the various plaintiffs in those actions. UEC and Research contributed to the fund, but specifically reserved their rights to seek indemnity or contribution from each other. In this action, United is seeking such indemnity or contribution from Research.

Research has moved to dismiss on two grounds. First, that the failure to join the power companies as defendants warrants dismissal under Fed.R.Civ.P. 19(b). Second, that the pendency of the prior filed West Virginia litigation should lead this court to exercise its discretion and dismiss the present action.

### I.

The defendant asserts that the various owner/power companies are indispensable parties under Fed.R.Civ.P. 19(a), and that the inability to join them warrants dismissal under Rule 19(b).[2] I do not find

---

1. The companies that formed the consortium were the Monongahela Power Company, the Potomac Edison Company, and the West Penn Power Company. The West Penn Power Company is a Pennsylvania corporation with its principal place of business in Pennsylvania.

2. Rule 19 reads, in pertinent part, as follows:
   (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or oth-

that the power companies fall within the scope of this rule.

The power companies made no direct contributions to the settlement fund. They were listed as additional insureds on policies of insurance obtained by UEC to cover the Willow Island project. The insurers on these policies contributed to the settlement fund, and the power companies were included in the settlements with the various wrongful death plaintiffs. The power companies have denied any right on their part to contribution or indemnity for contributions to the settlement fund, but have, in any case, assigned any such rights to UEC. The power companies do not, therefore, fall within the scope of Rule 19(a)(2).

The power companies are also not encompassed by Rule 19(a)(1), because complete relief between UEC and Research can be granted without their presence as parties in this action. The burden is on UEC to show liability under an indemnity agreement between itself and Research, or to show negligence on Research's part in order to make out a cause of action in common law indemnity or contribution. Research is free to defend against these claims as it will, including raising the defense that the accident was caused by the negligence of the power companies or anyone else. The fact that Research may at some point want to assert a claim for contribution and indemnity against the power companies does not require that the power companies be joined as indispensible parties. Rule 19 is only concerned with "relief as between the persons already parties, not as between a party

and the absent person whose joinder is sought." 3A MOORE'S FEDERAL PRACTICE ¶ 19.07–1[1], at 19–128 (2 Ed.1980), quoted with approval in *Eldredge v. Carpenters 46,* 662 F.2d 534 (9th Cir.1981).

Furthermore, the absence of the power companies from this action will not subject Research to a possibility of multiple inconsistent judgments. It is clear that any claim that the power companies might have made against Research has been assigned to UEC.

Because I find that the power companies are not indispensable parties as defined by Rule 19(a), I need not consider whether dismissal would be warranted under Rule 19(b). The plaintiff's motion to dismiss for failure to join an indispensable party will, therefore, be denied.

## II.

The second ground raised by the defendant in support of its motion to dismiss is the pendency of the various cross-claims and third-party claims filed in the wrongful death actions before the West Virginia court. The defendant asserts that this court should, in the exercise of its discretion, dismiss this action in order to permit the case to be resolved by the court in West Virginia. The defendant points to the fact that all parties are now under the jurisdiction of the West Virginia court, that the case will involve the application of West Virginia law, and that West Virginia will

erwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.
(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being

thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
The defendant contends that the West Penn Power Company cannot be joined to this action because such a joinder would destroy diversity and deprive the court of jurisdiction.

provide the most convenient forum for the adjudication of the dispute.

 Dismissal of a suit in federal court solely because of the pendency of a related state court action is permitted only in exceptional circumstances. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The individual circumstances of a particular case must weigh heavily in favor of a dismissal in order to overcome the obligation of the federal courts to exercise the jurisdiction given them. *Moses H. Cone Memorial Hospital v. Mercury Construction, Corp.,* —— U.S. ——, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

None of the factors cited by the plaintiff justify the dismissal of this action. As previously discussed, the absence of the power companies from this suit will not impair the litigation of this action. I also do not believe that this court should refrain from exercising its jurisdiction simply because the case may involve the application of West Virginia law. Finally, I am not convinced that West Virginia would be the most convenient place to litigate this action. While West Virginia is, of course, the site of the accident, apparently most of the people involved in the construction of the Willow Island facility have moved on to other projects. Furthermore, the headquarters of both the plaintiff and the defendant are within 100 miles of Philadelphia, and many of the plaintiff's witnesses and much of its documentary evidence are located in Philadelphia.

I also note that the litigation of the various cross-claims and third-party claims in West Virginia has been dormant while the claims of the various plaintiffs in those action were settled. In fact, discovery in the state cross-claims and third-party claims has only recently been initiated. I am not faced, therefore, with a situation in which resolution of the pending state litigation is imminent.

Because the defendant has simply not met its heavy burden of justifying dismissal of an action over which this court may properly exercise jurisdiction, its motion must be denied.

### III.

The defendant has also moved, in the alternative, to have this case transferred to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) provides as follows:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district division where it might have been brought.

I will deny this motion because, as I have previously noted, I am unconvinced that West Virginia would be a more convenient locale for the litigation of this lawsuit. Furthermore, a plaintiff's choice of forum is entitled to great deference when the plaintiff is a resident of that forum.